**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| CYBOENERGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GENERAC POWER SYSTEMS, INC.,<br><br>Defendant. | Case No. 4:26-cv-07159<br><br>JURY TRIAL DEMANDED |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>**

CyboEnergy, Inc. ("CyboEnergy") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,331,489 ("the '489 patent") and U.S. Patent No. 9,331,488 ("the '488 patent") (collectively, the "Patents-in-Suit") by Generac Power Systems, Inc. ("Generac" or "Defendant").

## I. THE PARTIES

1. Plaintiff CyboEnergy is a Delaware Corporation with its principal place of business located in Sacramento County, California.

2. On information and belief, Generac is a corporation existing under the laws of Wisconsin with its principal place of business located at S45 W29290 Highway 59, Waukesha, Wisconsin 53189, and, on information and belief, a regular and established place of business in this judicial district AT 14400 Hollister Road, Suite 100, Houston, TX 77064. On information and belief, Generac makes, sells, and offers to sell products and services throughout Texas, including in this judicial district, directly and through its network of Generac-branded and Generac-certified dealers and installers, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold,

installed, and used in Texas and in this judicial district. Defendant may be served through its registered agent, Valerie Guzman, S45W29290 State Road 59, Waukesha, Wisconsin 53189, or wherever it may be found.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and, on information and belief, has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III. GENERAC'S ACCUSED PRODUCTS

6. Generac makes, uses, sells, offers for sale, markets, distributes, and supports solar power inverters in the United States, including the Generac PWRmicro microinverter, model

PM-820 (ordering part number APKEPM820), together with the associated Generac Smart Combiner and reasonably similar Generac microinverter products (collectively, the "Accused Products"). References [1] through [4], as identified in Exhibits B and D, provide supporting documentation for the following infringement allegations.

7. Generac's own PWRmicro Installation Manual identifies the PWRmicro as a "2:1 microinverter" having "two DC inputs," to which up to two photovoltaic modules may be connected using the DC cables and connectors shown in Generac's installation instructions. According to Generac's published PWRmicro PM-820 specifications, each PWRmicro receives DC power from each connected solar panel over an MPPT voltage tracking range and produces alternating-current output for delivery to the electric grid. Generac's marketing materials identify "Dual MPPT Inputs" that are "individually optimized" as a key feature of the PWRmicro, meaning each DC input channel is independently tracked and controlled to maximize energy production from its connected solar panel.

8. Each PWRmicro also carries a Status LED on its enclosure. Generac's Installation Manual instructs that as soon as photovoltaic modules are connected to a PWRmicro and exposed to sunlight, the green LED will indicate microinverter status, blinking at defined intervals per Table 4-5 of the Installation Manual to communicate, among other states, normal operation, warning conditions, error conditions including grid-voltage and DC-voltage errors, and the off state.

## IV. INFRINGEMENT

### A. Infringement of the '489 Patent

9. On May 3, 2016, U.S. Patent No. 9,331,489 ("the '489 patent," attached as Exhibit A), entitled "Maximizing Power Production at Low Sunlight by Solar Power Mini-Inverters,"

was duly and legally issued by the U.S. Patent and Trademark Office. CyboEnergy owns the ’489 patent by assignment.

10. The ’489 patent relates to novel and improved multiple channel solar power inverters, and in particular to a method and apparatus that maximizes power production for solar power systems during sunrise, sunset, clouding, partial shading, and other low-irradiance conditions.

11. The ’489 patent addresses a technical problem in solar power inverters under varying sunlight conditions. A solar power inverter includes internal electronic circuits that require DC power for operation. Under normal sunlight conditions, the connected solar panels generate sufficient power for the inverter to produce AC power while supplying DC power to its internal electronic circuits. Under low sunlight conditions, such as heavy shading or near sunset, the available power from a solar panel may become insufficient to sustain both AC power generation and the internal electronic circuits. In that situation, the inverter may shut down due to insufficient internal operating power.

12. The ’489 patent provides a technical solution for maximizing power production under low sunlight conditions. The digital microcontroller measures the input voltage and current to calculate the DC input power for each input channel and operates the power inverter in normal or low power mode based on the calculated DC input power. Under low power conditions, a dedicated input channel and its connected solar panel can supply DC power to the internal electronic circuits of the inverter, while the remaining input channels continue to supply power for AC power generation. This allows the inverter to continue operating and maximize the available power production under low sunlight conditions.

13. The claimed design allows a multiple channel solar power inverter to continue operating under low sunlight conditions while maximizing the available power production from the connected solar panels. By maintaining DC power for the internal electronic circuits of the inverter, the inverter can avoid unnecessary shutdowns caused by temporary shading or low sunlight and continue producing AC power from the available solar power. This can extend the power generation time of the solar power system during sunrise, sunset, clouding, partial shading, and other low sunlight conditions.

14. Generac maintains, operates, manufactures, uses, offers for sale, sells, and distributes power inverters, including the Accused Products, that infringe one or more claims of the ’489 patent, including at least Claims 14, 15, and 16 identified in the claim chart attached as Exhibit B, literally or under the doctrine of equivalents. The Generac PWRmicro includes two DC input channels, each having its own MPPT function, and produces a 240V AC output. The PWRmicro also includes an AC power output port arranged to supply AC power to an electric grid. The MPPT function operates dynamically based on the available DC input power of each input channel and requires measurement of input voltage and current and calculation of DC input power for each channel. The PWRmicro further includes internal electronic circuits that require DC power for operation. The detailed technical analysis and supporting evidence for infringement of Claims 14, 15, and 16 are provided in Exhibit B.

15. Support for the allegations of infringement is provided in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change. Plaintiff asserts at least the claims identified in Exhibit B and expressly reserves the right to assert other valid claims of the ’489 patent as discovery proceeds.

16. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers, installers, dealers, and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendant provides its users, including the PWRmicro Installation Manual, specification sheets, product manuals, brochures, videos, demonstrations, training, and website materials encouraging its users to purchase and instructing them to install and use Defendant's Accused Products so as to cause infringement of one or more claims of the '489 patent, including at least claims 14, 15, and 16, literally or under the doctrine of equivalents. Defendant has known of the '489 patent and the technology underlying it from at least the filing date of this lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

17. Defendant has and continues to contributorily infringe. Defendant sells, offers to sell, and distributes the Accused Products, which embody a material part of the inventions claimed in the '489 patent, knowing the Accused Products to be especially made or especially adapted for use in an infringement of the '489 patent. Defendant has actively encouraged or instructed others (e.g., its customers, installers, dealers, and/or the customers of its related companies), and continues to do so, on how to use its products and services so as to cause infringement of one or more claims of the '489 patent, including at least claims 14, 15, and 16, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services, and the component is a material part of the invention: the PWRmicro is designed, marketed, and sold for one purpose — connection to solar panels and inversion of their DC power to grid-synchronized AC power in the manner accused in Exhibit B.

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

The only reasonable uses of the products and services are infringing uses, and there is no evidence to the contrary. The product and service are not a staple commercial product, and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use.

18. Generac has caused and will continue to cause CyboEnergy damage by direct and indirect infringement of (including inducing infringement of) the claims of the '489 patent.

**B. Infringement of the '488 Patent**

19. On May 3, 2016, U.S. Patent No. 9,331,488 ("the '488 patent," attached as Exhibit C), entitled "Enclosure and Message System of Smart and Scalable Power Inverters," was duly and legally issued by the U.S. Patent and Trademark Office. CyboEnergy owns the '488 patent by assignment.

20. The '488 patent relates to novel and improved power inverters, and in particular to an enclosure and LED-based message system for smart and scalable power inverters or mini-inverters that invert DC power from single or multiple DC power sources to AC power.

21. The '488 patent addresses a technical problem associated with monitoring the operating status of a power inverter having multiple DC input channels. A power inverter needs to monitor its operating status and the status of its individual input channels so that users can identify normal operation, warnings, errors, AC grid errors, and other operating conditions. The '488 patent provides an LED based message system that allows the operating status of the power inverter and its input channels to be communicated through LEDs arranged on the inverter enclosure.

22. The claimed method provides a simple and effective way to indicate the operating status of a power inverter having multiple DC input channels. By monitoring the status of the

power inverter and each input channel and actuating LEDs based on the monitoring, the system status LED can indicate whether the inverter is working normally, has warnings, has errors, has AC grid errors, or is off. This allows users to quickly identify the operating status of the inverter and helps identify potential problems during installation and operation.

23. Generac maintains, operates, manufactures, uses, offers for sale, sells, and distributes power inverters, including the Accused Products, that infringe one or more claims of the ’488 patent, including at least claim 16 identified in the claim chart attached as Exhibit D, literally or under the doctrine of equivalents. Claim 16 of the ’488 patent recites a method for indicating status, and each step of that method is performed in and by the PWRmicro when the PWRmicro is operated: the PWRmicro monitors the status of a power inverter having multiple DC input channels and monitors each of the input channels, and it actuates LEDs based on that monitoring, its Status LED being controlled and arranged — per the blink patterns Generac itself publishes in Table 4-5 of its Installation Manual — to indicate that the inverter is working, is working but has warnings, has errors, that the AC grid has errors, and that the inverter is off. Generac itself performs each step of the claimed method in the United States, without the participation of any other actor, when it designs, tests, operates, demonstrates, commissions, and supports PWRmicro inverters connected to photovoltaic modules. In addition, Generac’s customers, installers, and dealers each perform every step of the claimed method when they install and operate PWRmicro inverters in the manner Generac instructs; and to the extent performance of any step were attributed to another actor, Generac conditions participation in its installer and dealer programs, and receipt of the benefits of its products, warranties, and support, upon installation and operation of the PWRmicro in accordance with Generac’s Installation Manual, and establishes the manner and timing of that performance, such that all steps are

attributable to Generac. Defendant put the inventions claimed by the ’488 patent into service (i.e., used them); but for Defendant’s actions, the claimed-invention embodiments involving Defendant’s products and services would never have been put into service. Defendant’s acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant procured monetary and commercial benefit from them.

24. Support for the allegations of infringement may be found in the chart attached as Exhibit D. These allegations of infringement are preliminary and are therefore subject to change. Plaintiff asserts at least the claims identified in Exhibit D and expressly reserves the right to assert any and all other valid claims of the ’488 patent as discovery proceeds.

25. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers, installers, dealers, and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendant provides its users, including the PWRmicro Installation Manual — which expressly instructs users that the PWRmicro LED “will blink at different intervals to indicate a specific status” and supplies the Table 4-5 pattern key for reading those statuses — as well as specification sheets, product manuals, brochures, videos, demonstrations, training, and website materials encouraging its users to purchase and instructing them to install and use Defendant’s Accused Products so as to cause infringement of one or more claims of the ’488 patent, including at least claim 16, literally or under the doctrine of equivalents. Defendant has known of the ’488 patent and the technology underlying it from at least the filing date of this lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

---

[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

26. Defendant has and continues to contributorily infringe. Defendant sells, offers to sell, and distributes the Accused Products, which embody a material part of the inventions claimed in the ’488 patent, knowing the Accused Products to be especially made or especially adapted for use in an infringement of the ’488 patent. Defendant has actively encouraged or instructed others (e.g., its customers, installers, dealers, and/or the customers of its related companies), and continues to do so, on how to use its products and services so as to cause infringement of one or more claims of the ’488 patent, including at least claim 16, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant’s products and services, and the component is a material part of the invention: the PWRmicro’s status-monitoring and Status LED message functionality operates automatically whenever the PWRmicro is connected to photovoltaic modules and exposed to sunlight, in the manner accused in Exhibit D. The only reasonable uses of the products and services are infringing uses, and there is no evidence to the contrary. The product and service are not a staple commercial product, and Defendant had reason to believe that the customer’s use of the product and/or service would be an infringing use.

27. Generac has caused and will continue to cause CyboEnergy damage by direct and indirect infringement of (including inducing infringement of) the claims of the ’488 patent.

## V. CONDITIONS PRECEDENT

28. Plaintiff requires its licensees to mark any products produced for or under Plaintiff’s patents. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

29. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the patent-in-suit, and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produced a patented article.

## VI. PRAYER FOR RELIEF

WHEREFORE, CyboEnergy prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g. award Plaintiff such other and further relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Ramey LLP

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
446 Heights Blvd., Suite 200
Houston, Texas 77007
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for CyboEnergy, Inc.***